FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNEST CLARK HICKS,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>BANK OF AMERICA, N.A, a foreign (non-Washington incorporated) banking institution; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign (non-Washington incorporated) corporation; TREASURY BANK, N.A., a foreign (non-Washington incorporated) banking institution; QUALITY LOAN SERVICE CORP. OF WASHINGTON, a Washington corporation; and DOES 1-10,<br><br>　　　Defendants. | No. 2:20-CV-00158-SAB<br><br>**ORDER DISMISSING CASE** |

　　Before the Court are Defendants Bank of America and Mortgage Electronic Registration Systems's (MERS) Motion to Dismiss, ECF No. 22, and Defendant Quality Loan Service's ("QLS") Motion to Dismiss Complaint and Joinder in Bank of America and MERS's Motion to Dismiss, ECF No. 24. Plaintiff is represented by William Jeff Barnes and Lucy Gilbert. Defendants Bank of America, MERS,

**ORDER DISMISSING CASE** * 1

and Treasury Bank[1] are represented by Michael Kapaun and Steven Dixson; Defendant QLS is represented by Robert McDonald. The motions were considered without oral argument.

Defendants request that the Court dismiss the Complaint because the claims are barred by preclusion doctrines and binding settlement agreements, and because he fails to state a claim upon which relief can be granted. Plaintiff opposes the motions. Having reviewed the briefing and the applicable caselaw, the Court grants Defendants Bank of America and MERS' motion to dismiss and dismisses this case as barred by claim and issue preclusion. As discussed below, QLS's motion to dismiss is denied as moot.

## Facts

The following facts are drawn from Plaintiff's Complaint, ECF No. 1. Plaintiff owns a property located at 6005 Sunset Highway, Cashmere, Washington, 98815. On or about April 28, 2004, Plaintiff executed a Note in favor of Peoples Bank to finance the purchase of the Property, and that same day executed a Deed of Trust ("DOT") in favor of Peoples Bank. Plaintiff alleges that QLS previously attempted to foreclose on the Property through a non-judicial Trustee's Sale. The Sale was cancelled by agreement of the parties. Plaintiff alleges that now Bank of America has recently threatened to institute another foreclosure proceeding, but has not introduced any evidence of any impeding foreclosure proceedings by any of the Defendants, nor have Defendants admitted that they have in fact instituted new foreclosure proceedings on the Property.

Plaintiff generally alleges that Bank of America has no authority to foreclose on the loan because of deficiencies with the Note and Assignment of the Deed of Trust. Plaintiff argues that there are three stamps on the Note: a special endorsement from Peoples Bank to a division of Treasury Bank, a second special

---

[1] Treasury Bank, under the name Countrywide Bank, National Association, merged with Bank of America in April 2009. *See* ECF No. 35 at 2.

**ORDER DISMISSING CASE \* 2**

endorsement from Treasury Bank to Countrywide Home Loans, and a third blank endorsement from Countrywide. Plaintiff argues that Bank of America has represented that it is a beneficiary and holder of the Note, as secured by the Deed of Trust. He argues that MERS prepared an assignment of the Deed of Trust purporting to transfer its interest in the DOT and the Note to BAC Home Loans, which was later acquired by Bank of America. Plaintiff argues that the assignment conflicts with the alleged transfers of the Note based on the stamps on the Note, and therefore Bank of America is purporting to be the beneficiary of the DOT and the holder of the Note on the basis of a "fraudulent" document. He argues that MERS did not and cannot transfer Promissory Notes and cannot transfer beneficial interests. He also asserts that MERS had no authority to appoint QLS as a successor trustee because it is not a "true" beneficiary.

### Procedural History

Plaintiff filed a *pro se* complaint in this court on April 16, 2020. ECF No. 1. He later retained counsel, but has not filed an amended complaint. Plaintiff is seeking declaratory relief that: (1) the Note is not a "negotiable instrument"; (2) there was never an effective or legal transfer of any interest in the Note from the original lender to Bank of America; (3) the alleged endorsements are of no legal force; (4) there could be no transfer of the Note from or by MERS; (5) Bank of America is not the holder of the Note and has no rights in the Note; (6) MERS is not and never was the beneficiary of the DOT; (7) there was never any obligation in favor of MERS; (8) Bank of America is not the holder of and has no rights in the DOT; (9) the appointment of QLS as the successor trustee was void and of no effect; and (10) none of the Defendant have any enforceable interest in either the Note or the DOT. He also seeks permanent injunctive relief against all Defendants enjoining any Trustee's Sale of the Property and precluding Defendants from continuing with any proceeding to secure possession of the Property. Finally, Plaintiff alleges violations of the Washington Consumer Protection Act. He alleges

**ORDER DISMISSING CASE * 3**

MERS falsely represented itself as the beneficiary of the DOT and illegally attempted to convey the interest in the DOT and Note, and that Bank of America's representation that it had an enforceable interest in either constitutes a deceptive and unfair practice.

Plaintiff has filed two lawsuits related to Defendants' attempts to foreclose on the Property. On January 22, 2016, Plaintiff filed suit against Bank of America, MERS, and QLS in the Eastern District of Washington, Case No. 2:16-cv-00019-SAB. In that suit, Plaintiff raised claims under the Washington Foreclosure Fairness Act, the Unfair Business Practices Act, the Fair Debt Collection Practices Act, and breach of contract regarding the Housing Affordable Modification Program, fraud, and accounting. Those claims were based on Bank of America's attempt to foreclose on the Loan after the issuance of a bad faith certificate by a mediator. Plaintiff alleged that Bank of America claimed to be a successor to some interest in the Deed of Trust, insinuating that Bank of America did not have a right to enforce the Note. The suit was resolved by a settlement, and the Court dismissed Plaintiff's claims with prejudice on July 13, 2017. ECF No. 23-3, 23-4.

On July 18, 2018, Plaintiff filed another lawsuit in Chelan County Superior Court, Case No. 18-2-00648-04, against Bank of America, MERS, and QLS. ECF No. 23-5. In this case, Plaintiff raised claims under the Foreclosure Fairness Act, the Deed of Trust Act, the Fair Debt Collection Practices Act, breach of settlement agreement from the First Suit, and accounting. Those claims were again based on Bank of America's attempt to foreclose on the loan after the issuance of the same bad faith certificate alleged in the First Suit. Plaintiff also challenged Bank of America's standing by attacking the validity of assignments of the DOT and Note. This case was also resolved by a settlement, and the Court dismissed Plaintiff's claims with prejudice on August 19, 2019. ECF No. 23-6, 23-7.

//
//

**ORDER DISMISSING CASE \* 4**

### Rule 12(b)(6) Standard

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint may fail to show a right of relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint in the light most favorable to the non-movant. *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Thus, dismissal is proper only if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). However, this does not require the Court to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. Indeed, to survive a Rule 12 motion, the claims must be plausible and rise "above the speculative level." *Iqbal*, 55 U.S. at 678; *Twombly*, 550 U.S. at 555-56. Claims that rise beyond speculation allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. This is a context-specific task that requires the Court to draw on its judicial experience and common sense. *Id.* at 679. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice, nor will "naked assertions" devoid of "further factual enhancement." *Id.*

### Defendants' Request for Judicial Notice

As a preliminary matter, Defendants Bank of America and MERS request the Court take judicial notice of a number of documents in support of their motion

**ORDER DISMISSING CASE * 5**

to dismiss pursuant to Fed. R. Evid. 201. Defendants request that the Court take judicial notice of several documents: (1) the Deed of Trust; (2) a Complaint filed on January 22, 2016 in Case No. 2:16-CV-00019-SAB (the "First Suit"); (3) the settlement agreement between Plaintiff and Defendants in the First Suit (the "First Settlement Agreement"); (4) a Stipulated Order dated July 13, 2017, dismissing Plaintiff's claims with prejudice in the First Suit; (5) a Complaint filed on July 18, 2018, in Superior Court for the State of Washington in Chelan County, Case No. 18-2-00648-04 against Defendants (the "Second Suit"); (6) the settlement agreement between Plaintiff and Defendants in the Second Suit (the "Second Settlement Agreement"); and (7) a Stipulated Order dated August 19, 2019, dismissing Plaintiff's claims with prejudice in the Second Suit. ECF No. 23. Defendants also request judicial notice of the Appointment of Successor Trustee, ECF No. 31-1.

Because the authenticity of the documents is not challenged here or subject to reasonable dispute—although Plaintiff does challenge Defendants' legal authority to enforce some of them—and because all the documents undergird Plaintiff's Complaint, the Court takes judicial notice of these documents. *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### Defendant QLS's Motion to Dismiss

The Court first considers Defendant QLS's Motion to Dismiss, ECF No. 24. Shortly after filing its motion, QLS and Plaintiff filed a Stipulation of Nonparticipation, ECF No. 29. This stipulation acknowledges QLS's status as a nominal party and QLS's agreement to not participate in this action. QLS's motion to dismiss is therefore **denied as moot**.

### Defendants Bank of America and MERS's Motion to Dismiss

The Court next considers Defendants Bank of America and MERS's motion to dismiss, ECF No. 22. Defendants primarily argue that this case should be

**ORDER DISMISSING CASE * 6**

dismissed because the claims here are barred by claim and issue preclusion and by binding settlement agreements from prior litigation. They also argue that Plaintiff fails to state claims upon which relief can be granted. Plaintiff opposes. For the reasons discussed below, Plaintiff's claims are barred by claim and issue preclusion. The Court need not address Defendants' other grounds for dismissal in order to dispose of the motion. Accordingly, the motion is granted and the case is dismissed.

1. <u>Whether Prior Suits Preclude Plaintiff's Claims</u>

Defendants argue that Plaintiff's claims are barred by both claim and issue preclusion. They argue that two prior suits involving these same parties seeking to prevent Defendants from foreclosing on Plaintiff's Property ended in binding final judgments that prevent Plaintiff from raising his current claims. Plaintiff first argues that claim and issue preclusion are affirmative defenses that ought to be pled in an Answer, not in a motion to dismiss. He further argues that even if Defendants' preclusion arguments are properly raised, they fail to establish all the elements of either doctrine.

Ordinarily, affirmative defenses may not be raised on a motion to dismiss and must be stated in an Answer. *U.S v. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019). This is because plaintiffs are not expected to craft their pleadings around anticipated affirmative defenses. *Monex*, 931 F.3d at 972. Claim and issue preclusion are affirmative defenses. Fed. R. Civ. P. 8(c)(1). However, courts recognize that both claim and issue preclusion may be asserted in a motion to dismiss so long as there are no disputed issues of fact. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *see, e.g.*, *Witte v. Wells Fargo Home Mortg.*, No. 2:16-CV-691-KJM-EFB PS, 2017 WL 714313 at *3-*5 (E.D. Cal. Feb. 23, 2017).

Plaintiff argues that Defendants have created issues of ambiguity as to the intent of the parties in executing the settlement agreements in the First and Second

**ORDER DISMISSING CASE * 7**

Suits in order to argue that the claims here are precluded by virtue of the terms of those settlement agreements. However, the Agreements are what they are—there is no latent ambiguity as to what those Agreements do or do not foreclose. Furthermore, insofar as the contents of the Settlement Agreements are concerned, that would go towards Defendants' arguments that the Settlement Agreements bar Plaintiff's claims here rather than their arguments that preclusion doctrines bar his claims. Defendants properly raised claim and issue preclusion.

      a.  *Claim Preclusion*

Claim preclusion—also known as res judicata—bars re-litigation of claims that were litigated, or could have been litigated, in a prior action. *Loveridge v. Fred Meyer, Inc.*, 125 Wash.2d 759, 763 (1995). In order for claim preclusion to apply, the party asserting the doctrine must prove identity between a prior final judgment on the merits and a subsequent of (1) persons and parties; (2) cause of action; (3) subject matter; and (4) the quality of persons for or against whom the claim is made. *Id.* In determining whether claims brought in two suits are identical, the court examines not whether the exact same cause of action was asserted but rather (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Ensley v. Pitcher*, 152 Wash. App. 891, 903 (2009).

In the First Suit, Plaintiff asserted claims against Bank of America, QLS, and MERS to enjoin the foreclosure of the Property based on the 2010 default on his mortgage and a Notice of Default served in April 2013. ECF No. 23-2 at 29. He asserted Defendants had violated the Foreclosure Fairness Act, Wash Rev. Code § 61.24.163, the Unfair Business Practices Act, Wash. Rev. Code § 61.24.135, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f, breach of contract regarding the Housing Affordable Modification Program ("HAMP"), and

**ORDER DISMISSING CASE * 8**

fraud. His claims were generally based on Defendants' alleged bad faith in evaluating Plaintiff for HAMP and failure to meaningfully participate in mediation. The case ended in a final judgment as the result of a settlement agreement. ECF No. 23-4. In the Second Suit, Plaintiff again asserted claims against Bank of America, QLS, and MERS. ECF No. 23-5. In this case, Plaintiff asserted claims arising from Notices of Default served in 2016, including violations of the Foreclosure Fairness Act, the Deed of Trust Act, the FDCPA, breach of settlement agreement, and accounting. Plaintiff also argued that MERS' assignments of the Deed of Trust were "probabl[y]" invalid. *Id.*

The parties do not dispute that the identity of parties, quality of parties, and final judgment requirements are satisfied. The crux of the dispute here is whether Plaintiff's claims here are identical to the claims asserted in either the First Suit or the Second Suit. Defendants argue that Plaintiff could have brought his claims in the current suit in either the First or Second Suit and failed to do so, and is therefore barred from raising them now. They argue the claims in all three actions involve the same subject matter—the loan, comprised of the Note and the Deed of Trust, and Bank of America's attempts to foreclose on the loan. They also argue that Plaintiff is again raising claims made in the Second Suit: that Bank of America is not a successor in interest and that assignments by MERS are invalid. Here, Plaintiff alleges claims for declaratory relief that the Note is not a valid negotiable instrument, that there was never any legal transfer of an interest in the Note to Bank of America, and that MERS had no authority to transfer an interest in the Note. He also seeks permanent injunctive relief enjoining Defendants from foreclosing on the Property and proceeding with a Trustee's Sale of the Property. He also alleges violations of the Consumer Protection Act. These claims all arise out of Plaintiff's belief that MERS had no authority to assign an interest in the Note or Deed of Trust to Bank of America.

**ORDER DISMISSING CASE \* 9**

The claims in this case are sufficiently connected to the claims in the First and Second Suits to warrant claim preclusion. The claims here would rely on the same sort of evidence—the Note, the Deed of Trust, and Notices of Default—and arise out of the same transactional set of facts—Plaintiff's default on the Loan and Defendants' attempts to foreclose on the Property. In addition, Plaintiff does not show why he could not have brought the claims he brings now in either the First or Second Suits. Plaintiff appears to be engaging in impermissible claim splitting. *See Kuhlman*, 78 Wash. App. at 120. Thus, Plaintiff's claims here are identical to his claims in the prior suit, and claim preclusion applies. His claims are dismissed with prejudice.

      b. *Issue Preclusion*

Defendants also argue that issue preclusion bars Plaintiff's claims. Issue preclusion prevents re-litigation of an issue after the party estopped has had a full and fair opportunity to present its case. *Barr v. Day*, 124 Wash.2d 318, 324-25 (1994). It applies when a subsequent suit involves a different claim, but the same issue. *Weaver v. City of Everett*, 4 Wash. App. 2d 303, 315 (2018). Under Washington law, the elements of issue preclusion are: (1) identity of issues; (2) a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with the party to the prior case; and (4) application of the doctrine does not work an injustice. *Weaver*, 4 Wash. App. 2d at 315 (citing *Thompson v. Dep't of Licensing*, 138 Wash.2d 783, 790 (1999)). When issue preclusion is asserted, "the second claim is always different from the first," though it can "be expected to rase at least some different ultimate issues"; "[w]hat matters is whether facts established in the first proceeding forecloses the second claim." *Scholz v. Wash. State Patrol*, 3 Wash. App. 2d 584, 596-97 (2018). Application of the doctrine works an injustice on a party when, during an earlier proceeding, that party did not have a full and fair opportunity or motivation to litigate the contested issue. *Weaver*, 4 Wash. App. at 316.

**ORDER DISMISSING CASE** \* 10

Defendants argue that issue preclusion applies to bar Plaintiff's claims because his claims are rehashing issues raised in the Second Suit, primarily Bank of America's standing to enforce the Note and MERS's authority to convey its interest to Bank of America. Plaintiff argues that this argument should be raised in an Answer, not in a motion to dismiss, and that even if the issue was properly raised Defendant fails to establish identity of issues. He argues that the issues in the Second Suit and this suit are not the same because this action arises out of a purported new foreclosure effort. He also argues that application of the doctrine would work an injustice on him.

Issue preclusion bars Plaintiff's claims here and are therefore dismissed. Parties do not contest the identity of parties or the final judgment requirement; they disagree whether the issues are identical and whether application of the doctrine would work an injustice. Although Plaintiff purports that the instant case arises out of a different foreclosure effort (although he introduces no evidence or facts to this effect), the issue in both cases is whether Bank of America has authority to enforce the Note and whether MERS had authority to transfer its interest in the Deed of Trust to Bank of America. This issue has already been litigated and ended in a binding settlement and final judgment. Plaintiff's argument that application of the doctrine would work an injustice rests on his belief that it would result in dismissal of this case. However, that is not relevant to the injustice requirement; instead, injustice occurs only if assertion of the doctrine prevents a party from presenting an issue that he did not have a full and fair opportunity to present in the prior case. Plaintiff had both the incentive and the opportunity to raise his claims in the Second Suit. There is no injustice in applying issue preclusion here. Accordingly, Defendants' motion is granted because Plaintiff's claims are barred by issue preclusion.

//

//

**ORDER DISMISSING CASE** * 11

Accordingly, **IT IS ORDERED:**

1. Defendants Bank of America, N.A., and MERS's Motion to Dismiss, ECF No. 22, is **GRANTED**.

2. Defendant Quality Loan Service Corporation of Washington's Motion to Dismiss Complaint and Joinder in Bank of America and MERS's Motion to Dismiss, ECF No. 24, is **DISMISSED as moot**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, enter judgment in Defendants' favor, and **close** the file.

**DATED** this 13th day of November 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING CASE** * 12